**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| FERID M.,[1]<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | No. 25-CV-2028-CJW-MAR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the Court is a Report and Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court affirm in part and reverse and remand in part the decision of the Administrative Law Judge ("ALJ"). (Doc. 13). Specifically, Judge Roberts recommends the Court reverse and remand for the ALJ to fully address and consider Ferid M.'s ("claimant") subjective allegations of disability but affirm the ALJ in all other respects. The Commissioner of Social Security ("Commissioner") filed an objection to the R&R. (Doc. 14). Claimant also filed objections. (Doc. 15). For the following reasons, the Court accepts Judge Roberts' R&R and **affirms in part** and **reverses and remands in part** the ALJ's decision.

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## *II. BACKGROUND, STANDARDS, AND THE ALJ'S FINDINGS*

The Court finds that Judge Roberts thoroughly and accurately set out the factual background, procedural history, and the ALJ's findings. (Doc. 13, at 1–2, 5–6). Neither party objected to any of these matters. Thus, the Court adopts those portions of the R&R and incorporates them by reference without replicating them here.

The key background information as summarized by Judge Roberts follows:

Claimant was born in 1970. He graduated from high school in Slovenia, and his primary language is Bosnian. Claimant allegedly became disabled due to back injury, hernia repair/injury, depression, right foot/leg injury, nerve pain, and anxiety. Claimant's onset of disability date is May 10, 2021. On December 27, 2022, claimant protectively filed his application for DIB. His claim was denied originally on August 3, 2023, and was denied on reconsideration on October 4, 2023. A hearing was held on April 3, 2024, with claimant and his attorney appearing by online video before ALJ Kim Fields. Vocational Expert ("VE") Sheila Capizzi also appeared at the hearing. Additionally, an unnamed Slovenian interpreter was also present at the hearing. Claimant and the VE both testified at the hearing. The ALJ issued an unfavorable decision on May 2, 2024.

Initially, the ALJ determined that claimant met the insured status requirements through December 31, 2026. The ALJ then applied the first step of the disability evaluation analysis and determined that claimant had not engaged in substantial gainful activity from his alleged onset date of May 10, 2021. At the second step of the disability evaluation analysis, the ALJ concluded from the medical evidence that claimant suffered from the following severe impairments: depressive disorder, anxiety disorder, PTSD, and lumbar stenosis. At the third step, the ALJ found that claimant did not have an impairment or combination of impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ evaluated claimant's claims under listing 1.15 (disorders of the spine), 12.04 (depressive disorders), 12.06 (anxiety disorders), and 12.15 (PTSD). The ALJ also

determined that claimant did not satisfy either the "paragraph B" or "paragraph C" criteria. At the fourth step, the ALJ determined that claimant had the following residual functional capacity, given his limitations:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR [§] 404.1567(b) except he can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. The claimant can work at unprotected heights occasionally, moving mechanical parts occasionally, and operating a motor vehicle occasionally. He can be in extreme cold occasionally. The claimant is able to interact with the public occasionally.

Also at the fourth step, the ALJ determined that claimant was unable to perform his past relevant work. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy claimant could perform, including marker, sub-assembler, and silver wrapper. Thus, the ALJ concluded that claimant was not disabled.

Claimant requested review and the Appeals Council denied review on April 3, 2025. On June 17, 2025, Claimant timely filed his Complaint in this Court.

## ***III. STANDARD OF REVIEW OF AN R&R***

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## *IV. THE R&R*

In his brief before Judge Roberts, claimant argued that (1) the ALJ committed reversable error by failing to properly evaluate the medical opinions of Dr. Lydia Mustafic; (2) the ALJ failed to properly evaluate the medical opinions of Dr. Courtney Stufflebeam; (3) the ALJ's cursory evaluation of claimant's symptoms is inadequate and, more specifically, the ALJ's focus on the objective medical evidence to the virtual exclusion of other evidence violates Social Security Administration policy regarding the evaluation of symptoms; and (4) the ALJ failed to determine whether claimant can perform the basic minimum language requirements for the jobs identified by the VE. (Doc. 8, at 19–36).

The Commissioner responded that the ALJ properly evaluated the medical opinions before it, including Dr. Mustafic and Dr. Stufflebeam's medical opinions.

(Doc. 10, at 3–8). The Commissioner also argued that "the ALJ considered more than objective medical evidence and properly evaluated plaintiff's symptoms in accordance with 20 C.F.R. § 404.1529 and *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)." (*Id.*, at 8–11). Last, the Commissioner argued that claimant did not identify any authority or reason why the ALJ needed to determine language requirements for the jobs identified by the VE. (*Id.*, at 11–14). Overall, the Commissioner argues, "substantial evidence supports the ALJ's findings" and thus it should be affirmed. (*Id.*, at 14).

In his reply, claimant relied on his principal briefing for his first two arguments relating to the ALJ's evaluation of Dr. Mustafic and Dr. Stufflebeam's medical opinions. (Doc. 11, at 1–2). As to his objection that the ALJ focused only on the objective medical opinions to the exclusion of all other evidence, claimant argues that the "ALJ did not analyze whether [claimant's daily] activities are consistent with [his] claimed limitation." (*Id.*, at 2). In other words, claimant appears to argue in his reply that the ALJ did not explain why it did not find claimant's subjective symptom reporting credible and instead relied exclusively on objective medical opinions. Last, claimant argues his past employment does not moot the issue of whether he had the language requirements for the jobs identified by the VE and further relied on his principal briefing as to this issue.

In his R&R, Judge Roberts recommended affirming the ALJ's decision in most respects. Specifically, regarding the issue of properly evaluating the medical opinions of Dr. Mustafic and Dr. Stufflebeam, Judge Roberts stated, "I find that the ALJ both properly considered Dr. Mustafic's opinions and properly addressed the consistency and supportability of Dr. Mustafic's opinions," and, "I find that the ALJ both properly considered Dr. Stufflebeam's opinions and properly addressed the consistency and supportability of Dr. Stufflebeam's." (Doc. 13, at 12, 17). Judge Roberts, therefore, recommended the Court affirm these parts of the ALJ's decision. Regarding the issue of the basic minimum language requirements for the jobs identified by the VE, Judge

Roberts stated, "under the current regulations and the evidence in the record, there is no apparent unresolved conflict necessary to resolve. Accordingly, I recommend that the Court affirm this part of the ALJ's decision." (*Id.*, at 26).

Regarding the third issue claimant raised relating to the ALJ's exclusive reliance on the objective medical information, however, Judge Roberts recommended reversing and remanding the issue to the ALJ. (*Id.*, at 21). Judge Roberts first found that although the ALJ "states that she considered the factors set forth in SSR 16-3p . . . the ALJ essentially addresses only the objective medical evidence in making her finding." (*Id.*, at 20). According to Judge Roberts, the ALJ "noted" several items in claimant's medical history that would presumably support claimant's subjective allegations of disability, "but did not mention any of the . . . evidence in relation to claimant's credibility, nor did the ALJ discuss the effectiveness or physical therapy that the ALJ 'mentioned' or 'noted' in her decision." (*Id.*, at 21). Judge Roberts also found that although the ALJ discussed claimant's daily activities at step three of the disability evaluation framework and in the context of determining the severity of claimant's mental health issues, "the ALJ did not discuss claimant's daily activities in relation to his testimony or credibility." Thus, Judge Roberts concluded that, "because the ALJ's consideration of claimant's subjective allegations of disability and credibility determinations do not address the inconsistencies with the record as a whole and the ALJ's decision provides no good reasons or explicit discrediting of claimant's subjective complaints, I find that remand is appropriate." (*Id.*, at 21).

## *V. DISCUSSION*

In the Commissioner's objection to Judge Roberts' R&R, the Commissioner asserts error in Judge Roberts' review of the ALJ's analysis of claimant's subjective allegations of disability. (Doc. 14, at 1). According to the Commissioner, the ALJ's articulation of her reasoning could have been more robust, but "the ALJ's decision here sufficiently demonstrated the ALJ's reasoning for finding [claimant's] allegations of

totally disabling symptoms to be inconsistent with the record evidence [and] [s]ubstantial evidence supports the ALJ's symptom evaluation." (*Id.*, at 3). Specifically, the Commissioner argues the ALJ considered claimant's testimony and reports, the type and effectiveness of treatment, claimant's daily activities, as well as the medical opinion evidence in evaluating claimant's subjective complaints. As a result, the Commissioner requests that the Court decline to adopt Judge Roberts' findings and recommendations related to the subjective allegations of disability issue of the R&R and instead affirm the ALJ's decision. (*Id.*, at 1).

Claimant's objections to the R&R are partly objections and partly a response to the Commissioner's objections. (Doc. 15). First, regarding his objections, claimant argues the Court should not decide the first, second, and fourth issues raised relating to the evaluation of medical opinions and job language requirements because remand on the third issue is required so the other issues are moot. (*Id.*). Second, claimant responds to the Commissioner's argument that the ALJ adequately evaluated claimant's subjective allegations by arguing the Commissioner misconstrues Judge Roberts' findings. (*Id.*, at 2–3). According to claimant, the issue Judge Roberts correctly identified is that the ALJ's decision only addressed the objective medical evidence to find claimant not credible in reporting his limitations with no discussion of the *Polaski* factors at all. (*Id.*). Third, claimant objects to Judge Roberts' R&R finding on the fourth issue that there was no DOT conflict given claimant's need for an interpreter and his general difficulties communicating in English, and the R&R's conflating regulatory changes to education levels conflicts with the DOT's language levels. (*Id.*, 3–6). Claimant, however, argues this issue can be treated as moot if the action is remanded for other reasons. (*Id.*, at 5).

The Commissioner only raises one objection relating to the ALJ's evaluation of claimant's subjective allegations and claimant argues if the Court follows Judge Roberts' recommendation to remand to the ALJ on that issue the remaining issues are moot, thus the Court will begin its analysis with that issue.

### *A. Subjective Allegations of Disability*

When assessing a claimant's credibility, the ALJ must consider all the evidence, including objective medical evidence, the claimant's work history, and evidence relating to the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The Eighth Circuit stated in *Polaski* that:

> The [ALJ] must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: 1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; 5. functional restrictions.

*Id.*

"[A]n ALJ may not discount a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Wiese v. Astrue*, 552 F.3d 728, 733 (8th Cir. 2009). "ALJs may discount claimants' complaints if there are inconsistencies in the record as a whole[.]" *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010). "When rejecting a claimant's complaints . . ., the ALJ must make an express credibility determination, detailing the reasons for discounting the testimony, setting forth the inconsistencies, and discussing the *Polaski* factors." *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012); *see also Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008) ("When he discounted her complaints, however, the ALJ was required to detail the reasons for discrediting the testimony and set forth the inconsistencies found."). "The ALJ is not required to discuss methodically each *Polaski* consideration, so long as he acknowledged and examined those considerations before discounting a claimant's subjective complaints." *Renstrom*, 680 F.3d at 1067.

At the outset, the Court finds that this is a very close call and that it agrees, in part, with each of the party's arguments. The Court agrees with the Commissioner that the ALJ discussed several pieces of evidence that could satisfy the *Polaski* factors. For

example, the ALJ discussed claimant's reports that he drove a car, prepared simple meals, performed household activities such as cleaning, performed personal care, watched television, and socialized with family. (AR 17–18).

The Court also agrees with claimant that the ALJ considered these factors in other parts of her order and not as part of the ALJ's credibility analysis. Indeed, the Commissioner admits that at least some of this discussion occurred in other portions of the ALJ's findings, but urges the Court to consider the ALJ's findings holistically. (Doc. 14, at 5–6) ("And while some of the daily activities the ALJ specifically considered were discussed in an earlier section of the ALJ's decision, the Court should read the decision holistically."). The issue before the Court, then, is whether the ALJ's earlier discussions are imputed into the credibility determination and whether the credibility determination is based solely on the medical evidence contradicting claimant's allegations.

Here, the Court ultimately agrees with Judge Roberts that "the ALJ essentially addresses only the objective medical evidence in making her finding." (Doc. 13, at 20). At the start of the ALJ's findings addressing claimant's allegations, the ALJ stated "however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence *and other evidence in the record for the reasons explained in this decision*." (AR 19 (emphasis added)). The ALJ's reference to other evidence in the record and for the reasons explained in the decision is a catchall phrase that lacks precision. Such a general statement falls short of the requirement that an ALJ "detail the reasons for discrediting the testimony and set forth the inconsistencies found." *Ford*, 518 F.3d at 982. And, indeed, part of the problem here is that the ALJ did not explain her reasoning in the decision.

When the ALJ turned to the specific evidence in the record, the ALJ essentially addressed only the objective medical evidence. Indeed, the rest of the ALJ's discussion evaluated claimant's medical records, physical therapy records, treatment records,

consultative examination records, and behavioral and mental health treatment records. (AR 19–22). The ALJ's analysis also discussed the credibility of some of the medical opinions, but this too involved a discussion on the medical evidence and not the *Polaski* factors. To the extent the ALJ considered the *Polaski* factors, it was in passing reference without express determinations detailing the reasons for discounting the testimony and without acknowledging and examining those considerations before discounting a claimant's subjective complaints. *See Renstrom*, 680 F.3d at 1067.

The reason it is important for ALJ's to explain their reasoning is so a reviewing court can determine if substantial evidence supports the decision. It is not for a reviewing court to conduct that analysis itself, plucking from parts of the ALJ's decision to conduct the analysis that is absent from the decision. The Court notes that were it to conduct that type of analysis, it may very well agree with the ALJ's ultimate decision. But that is not this Court's role. It is for the ALJ in the first instance to conduct the analysis in a sufficiently explicit manner for this Court to simply determine whether substantial evidence supports it.

Thus, the Court **accepts** Judge Roberts' recommendation that the Court remand this matter for the ALJ to fully address and consider claimant's subjective allegations of disability.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of Title 42, United States Code, Section 405(g). A remand under "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material, evidence that was not presented before the agency for good cause. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Here, the Court finds remand appropriate under sentence four for the purpose of awarding plaintiff benefits consistent with this order.

***B. Dr. Mustafic and Dr. Stufflebeam's Opinions***

Claimant only objects to Judge Roberts' R&R relating to issues with the ALJ's evaluation of Dr. Mustafic and Dr. Stufflebeam's opinions because he believes they are moot if the case is otherwise remanded. (Doc. 15, at 2). Claimant does not provide any citations or explanation for why the remainder of the R&R is moot if the matter is otherwise remanded for findings on a narrow issue. The Court finds it will be helpful to provide further guidance for the ALJ so the ALJ has clear instructions on what to consider on remand.

Other than the mootness issue, there are no objections to the R&R's recommendation regarding the Dr. Mustafic and Dr. Stufflebeam issues, so the Court only reviews the issues for clear error. Having reviewed the record, the parties' briefs, and the R&R, the Court is not left with the definite and firm conviction that a mistake has been committed on that issue. Instead, the Court agrees with Judge Roberts that the ALJ both properly considered Dr. Mustafic's and Dr. Stufflebeam's opinions and properly addressed the consistency and supportability of their opinions. Thus, the Court accepts Judge Roberts' recommendation and affirms these portions of the ALJ's decision.

***C. Basic Minimum Language Requirements***

Claimant argues his objections to Judge Roberts' recommendation on the basic minimum language requirements can be treated as moot if the Court otherwise remands the matter. As discussed above, claimant does not provide any citation or discussion about his mootness argument and the Court does not find the issue is necessarily moot.

If the issue is not moot, claimant objects to Judge Roberts' recommendation because, he argues, the ALJ was required to resolve a conflict between the jobs identified

by the VE for claimant for which there is a question about whether he can perform the minimum language requirements.

"[A]n ALJ may not rely on a vocational expert's testimony about the requirements of a job if an 'apparent unresolved conflict' exists between that testimony and the job's description in the Dictionary of Occupational Titles (DOT)." *Thomas v. Berryhill*, 881 F.3d 672, 677 (8th Cir. 2018). "If there is an apparent unresolved conflict between VE testimony and the DOT, the ALJ must elicit a reasonable explanation for the conflict and resolve the conflict by determining if the explanation given by the expert provides a basis for relying on the VE testimony rather than on the DOT information." *Moore v. Colvin*, 769 F.3d 987, 989–90 (8th Cir. 2014) (cleaned up). In other words, "before an ALJ can rely on a vocational expert's testimony that appears to conflict with a Dictionary listing, the ALJ must identify and resolve the conflict. Otherwise, the vocational expert's testimony is not substantial evidence to support a denial of benefits." *Stanton v. Comm'r of Soc. Sec. Admin.*, 899 F.3d 555, 558 (8th Cir. 2018).

An apparent unresolved conflict is foundational to an argument that the ALJ did not resolve the conflict. Claimant argues every DOT-listed job requires "some level of speaking, writing, and reading, in English," but the VE did not address the English language requirement in the jobs identified. (Doc. 15, at 4). According to claimant, there are questions supported by evidence in the record about whether he has the English proficiency to do the identified jobs. (*Id.*, at 4–5).

Here, the Court finds there was no conflict. The VE identified three representative occupations, including marker, sub assembler, and silver wrapper. The DOT job descriptions for marker and silver wrapper language requirements provide:

> READING: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.
>
> WRITING: Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses.

> SPEAKING: Speak simple sentences, using normal word order, and present and past tenses.

DICOT 209.587-034 (G.P.O.), Marker, 1991 WL 671802; DICOT 318.678-018 (G.P.O.), Silver Wrapper, 1991 WL 672757. The DOT job description for sub assembler's language requirements provides:

> READING: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes.
>
> WRITING: Write compound and complex sentences, using cursive style, proper end punctuation, and employing adjectives and adverbs.
>
> SPEAKING: Speak clearly and distinctly with appropriate pauses and emphasis, correct punctuation, variations in word order, using present, perfect, and future tenses.

DICOT 729.684-054 (G.P.O.), Subassembler, 1991 WL 679729.

As Judge Roberts found, it is clear from the record that claimant has difficulty speaking English. (Doc. 13, at 25). None of the job descriptions identified, however, require the ability to speak English. The job descriptions identify that the claimant must be able to speak clearly using normal word order, correct, tenses, and with appropriate pauses and emphasis. Claimant argues implicit in these requirements is that it involves the English language and claimant cites several district court cases from other districts in support of his argument. (Doc. 15, at 4). The descriptions, however, do not specify the English language and instead broadly describe a claimant's ability to exhibit normal speech patterns. Further, claimant worked full-time at multiple jobs over twenty-five years, indicating that he has the basic language skills to perform the identified jobs.

In short, there is no conflict that must be resolved on remand and the Court therefore accepts Judge Roberts' recommendation that the Court affirm this part of the ALJ's decision.

## *VI. CONCLUSION*

For these reasons, the Commissioner's objection, (Doc. 14), to the R&R, (Doc. 13), is **overruled**. The Court **accepts** the R&R, (Doc. 13), without modification. *See* 28 U.S.C. § 636(b)(1). Following Judge Roberts' recommendation, the ALJ's decision is **affirmed** on the first, second, and fourth issues relating to Dr. Mustafic and Dr. Stufflebeam's medical opinions and the basic minimum language requirements. Consistent with Judge Roberts' recommendation, the issue of subjective allegations of disability is **remanded** to the Commissioner under sentence four of Section 405(g) for further proceedings consistent with this order and Judge Roberts' R&R.

**IT IS SO ORDERED** this 30th day of September, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa